IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CURTIS L. ADAMS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:14-CV-395-O |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Curtis L. Adams, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against William Stephens, Director of TDCJ, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as time-barred.

**I. BACKGROUND**

On October 2, 2002, in Montgomery County, Texas, Petitioner was determined to be a sexually violent predator under Chapter 841 of the Texas Health and Safety Code and ordered to civil commitment. Adm. R., SH11-WR-78,390-04-Writ Rec., 28-30, 60, ECF No. 12-11. The civil commitment order imposed various requirements on Petitioner in accordance with the provisions in the Code that were in effect at the time, including a requirement that Petitioner reside in Travis County, Texas. *Id.* at 28-30. Petitioner asserts he was released on March 29, 2007, and directed by the Office of Violent Sex Offender Management (OVSOM) to reside in a halfway house in Tarrant County, Texas, where he was treated, supervised and tracked by GPS monitor by his case manager

Wesley Griffin. Pet'r's Mem. 2, ECF No. 1. In June 2008, Petitioner was charged in a multi-count indictment with violating numerous requirements of the civil commitment order in Tarrant County, Texas. *Id.* at 68-70. The indictment also included a habitual-offender notice. *Id.* at 70. On February 13, 2009, pursuant to a plea agreement, Petitioner pleaded guilty to Count Ten in the indictment–alleging Petitioner violated the requirements of the commitment order by failing "to obtain written approval for all travel within the county" and "to abide by his pre-approved daily schedule without deviation"–the state waived the habitual-offender allegation, and the trial court assessed his punishment at eight years' confinement. *Id.* at 74-1. Petitioner did not directly appeal his conviction or sentence. Pet. 3, ECF No. 1.

In December 2009 the Texas Council on Sex Offender Treatment (CSOT), now OVSOM, moved to modify Petitioner's civil commitment order on the basis of 2005 legislative amendments to the Code. Adm. R., SH11-WR-78,390-04-Writ Rec., 32-36, ECF No. 12-11. The motion was granted on January 21, 2010, and the order was modified to reflect that Petitioner "shall reside in a Texas residential facility under contract with the Counsel on Sex Offender Treatment (Council) or at another location or facility approved by the Council." *Id.* at 37. On February 24, 2012, OVSOM mailed to Petitioner a second amended motion to modify the commitment order to reflect that Petitioner "shall reside in a Texas residential facility under contract with the Office of Violent Sex Offender Management or at another location or facility approved by the OVSOM." *Id.* at 19-24. Attached to the motion was a copy of the original 2002 commitment order. *Id.* at 28-30. The record does not reflect any ruling on the motion. *Id.* at 27, 84.

On May 22, 2012, Petitioner filed a state habeas application, raising one or more of the claims presented herein, which was denied by the Texas Court of Criminal Appeals on the findings

2

of the trial court on May 8, 2013.[1]  *Id.,* "Action Taken."  Relevant to this federal action, the state habeas court entered the following findings of fact:

- Because Petitioner's civil-commitment violations occurred in Tarrant County, jurisdiction and venue were proper in Tarrant County;

- The state did not engage in misconduct by prosecuting Petitioner in Tarrant County;

- The "Travis County provision in the applicant's original judgment and order of civil commitment is not newly discovered information";

- Along with Petitioner's guilty plea, he waived his right to the appearance, confrontation and cross-examination of witnesses and consented to oral and written stipulations of evidence; and

- Petitioner judicially confessed, which is "some evidence" to support his conviction.

*Id.* at 60-63.

Petitioner filed this federal habeas petition on May 30, 2014,[2] wherein he raises the following grounds for relief:

(1) He was denied due process of law because venue was improper and the Tarrant County court lacked personal and subject-matter jurisdiction (ground one);

(2) He received ineffective assistance of trial counsel (grounds two and five);

(3) He is actually innocent of Count Ten in the indictment because he merely

---

[1] Petitioner's state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). The application does not state the date Petitioner placed the document in the prison mailing system, however the "Inmate's Declaration" was signed by Petitioner on May 22, 2014; thus, the Court deems the application filed on that date.

[2] Likewise, a federal habeas petition filed by an inmate is typically deemed filed when the petition is placed in the prison mail system for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). Petitioner indicates the petition was placed in the prison mailing system in "April 2014," but it is unsigned and was not received by the clerk of Court for filing until May 30, 2014. Pet. 1, 10, ECF No. 1. Under these circumstances, Petitioner is not given the benefit of the so-called prison mail-box rule.

3

      overslept and missed his doctor's appointment (ground three);

(4)    The prosecutor engaged in prosecutorial misconduct by failing to receive evidence of his guilt on any count and "accepting" his case manager's privileged-information claim regarding his Treatment, Supervision and GPS records (ground four); and

(5)    The state law conferring jurisdiction on the trial court as to Count Ten in the indictment was enacted after the alleged violation in violation of due process and the ex post facto clause (ground six).

Pet. at 6-7A, 10, ECF No. 1. Respondent asserts the petition is time-barred under the federal statute of limitations.

## II. DISCUSSION

Title 28 U.S.C. § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this

4

subsection.

28 U.S.C. § 2244(d)(1)-(2).

Because Petitioner's claims relate to events leading up to or during the 2009 Tarrant County plea proceedings, subsection (1)(A) is applicable to this case. Under that provision, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. For purposes of this provision, the judgment of conviction became final and the one-year limitations period began to run upon expiration of the time Petitioner had for filing a timely notice of appeal on Monday, March 16, 2009, and closed one year later on March 16, 2010, absent any applicable tolling. TEX. R. APP. P. 26.2; *Flanagan v. Johnson*, 154 F.3d 196, 200-02 (5th Cir. 1998).

Petitioner's state habeas application filed on May 22, 2012, more than two years after limitations had already expired did not operate to toll the limitations period under the statutory provision. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor has Petitioner alleged or demonstrated rare and exceptional circumstances that would justify tolling as a matter of equity. Equitable tolling is permitted only if a petitioner shows that he has been pursuing his rights diligently but some extraordinary factor beyond his control prevented him from filing in a timely manner or he can prove that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins*, — U.S. —, 133 S. Ct. 1924, 1928 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010).

In an apparent attempt to trigger subsection (C) or (D) or justify equitable tolling of the limitations period, Petitioner claims he is entitled to be heard in this habeas action based upon his actual innocence, new Supreme Court law established by *Trevino v. Thaler,* 133 S. Ct. 1911 (2013), manifest injustice, and newly discovered evidence. Pet. 9, ECF No. 1; Pet'r's Mem. 12-15.

According to Petitioner,

> [He] is entitled to have 1 year limitation[]s period renewed to begin on 02-24-2012 upon receiving knowledge of the O.V.S.O.M. having initiated proceedings against him on 12-07-2009 without serving the petitioner notice and amending their motion in those prior proceeding[]s and counsel . . . cause[d] said amendment to be served under certificate of service therefore notifying the petitioner of the cause . . . *which renewed his knowledge of the exact term[]s therein which were ordered on 10-02-2002 of which he had forgotten during the past 10 years.*

Pet'r's Mem. 13, ECF No. 1 (emphasis added). Petitioner urges that it is manifestly unjust to charge and convict a person without jurisdiction and venue; to deny him access to "Treatment, Supervision, Halfway House, and GPS Records to prove his innocence"; to "build up such a cumulative complaint of alleged violation[]s . . . as those alleged by" his case manager; and to allow any complaint made by his case manager to stand because the OVSOM's disregard of the terms of the commitment order cannot be attributed to him. *Id.* at 13-15.

A petitioner attempting to overcome the expiration of the statute of limitations by showing actual innocence is required to produce "new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"-sufficient to persuade the district court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin v. Perkins,* 133 S. Ct. 1924, 1928 (2013) (quoting *Schup v. Delo,* 513 U.S. 298, 329 (1995)). Petitioner argues that, despite his guilty plea, he is actually innocent because there is no evidence corroborating his plea. Although actual innocence, if proved, can overcome the statute of limitations, Petitioner waived this claim by entering a voluntary and knowing guilty plea to the offense.[3] *McQuiggin,* 133 S.Ct. at 1928. *See also United States v. Vanchaik–Molinar,* 195

---

[3]Petitioner claims he pleaded guilty because he was afraid of receiving a sentence of 25 years' to life and concedes it was a "sound decision" to accept the plea offer given his options and his inability to obtain records to prove his innocence. Pet'r's Mem. 6, ECF No. 1. Often a criminal defendant, even if he is unwilling or unable to

6

Fed. Appx. 262, 2006 WL 2474048, at *1 (5th Cir. 2006) ("A voluntary guilty plea waives all non-jurisdictional defects that occurred prior to the plea and precludes consideration of a claim challenging the sufficiency of the evidence."). As a matter of federal constitutional law, a voluntary and knowing guilty plea is sufficient evidence, standing alone, to support a conviction. *Smith v. McCotter,* 786 F.2d 697, 702 (5th Cir. 1986).

Further, *Trevino* recognizes that no counsel or ineffective counsel at the first state collateral review proceeding can constitute "cause" to excuse a habeas petitioner's procedural default of a claim. *Trevino v. Thaler,* 133 S. Ct. 1911, 1921 (2013). *Trevino* merely established an exception to the procedural default rule and does not apply to the federal statute of limitations or the tolling of that period. *See Arthur v. Thomas*, 739 F.3d 611, 628-31 (11th Cir. 2014)*; Shavers v. Stephens,* No. 4:14-CV-1029-A, 2015 WL 4481527, at *2-3 (N.D.Tex. July 21, 2015); *Anacleto v. Stephens,* No. A-14-CA-394-SS, 2014 WL 3012528, at *2 (W.D.Tex. July 2, 2014); *Reynolds v. Stephens,* No. 3:13-CV-2728-P, 2014 WL 2575752, at *3 (N.D.Tex. June 9, 2014); *Hunter v. Stephens*, No. H-13-877, 2013 WL 5671295, at *5 (S.D.Tex. Oct. 16, 2013).

Finally, Petitioner's so-called "new evidence"–*i.e.,* a copy of the second amended motion to modify the 2002 commitment order containing a copy of the 2002 order, is not "new evidence." Although Petitioner's memory of the requirements may have faded, as noted by the state habeas court, he has been aware of the commitment order since the original judgment and order of civil

---

admit his guilt, will agree to plead guilty to an offense in order to avoid a potentially longer sentence by a jury. Such a decision on the part of a defendant does not render a plea involuntary. *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970); *Brady v. United States*, 397 U.S. 742, 749-50 (1970). Although there is no reporter's record of the plea proceeding, the documentary record supports a presumption of regularity of the state court records and the state courts' implied finding that Petitioner's guilty plea was knowingly and voluntarily made. *See Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000); *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994); *Babb v. Johnson*, 61 F. Supp. 2d 604, 607 (S.D. Tex. 1999).

commitment issued on October 2, 2002. Adm. R., SH11-WR-78,390-04-Writ Rec., 61, ECF No. 12-11.

In summary, there is no evidence in the record that Petitioner was prevented in some extraordinary way from asserting his rights in state or federal court, and he presents no new evidence to meet the actual-innocence exception. Petitioner's extreme delay further mitigates against equitable tolling. Accordingly, Petitioner's federal petition was due on or before March 16, 2010, and his petition filed on May 30, 2015, is untimely.

## III. CONCLUSION

For the reasons discussed herein, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DISMISSED as time-barred. Further, for the reasons discussed herein, a certificate of appealability is DENIED.

**SO ORDERED** on this 17th day of September, 2015.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**